JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Kenneth Schott, argues the trial court erred in classifying him as a sexual predator pursuant to R.C. 2950.09(C). We disagree.
 {¶ 2} In March 1992, defendant was convicted of attempted rape in Case No. CR-274307 and gross sexual imposition in Case No. CR-279975. In July 2002, the state filed a motion requesting that defendant be classified as a sexual predator pursuant to R.C. 2950.09(C)(1).[1]
 {¶ 3} At the conclusion of the hearing, the trial court found defendant to be a sexual predator. It is from this order that defendant appeals, presenting one assignment of error:
The evidence is insufficient, as a matter of law, to prove "by clear and convincing evidence" that appellant "is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 4} Defendant argues the state did not meet its burden of proving by clear and convincing evidence that he would be likely in the future to commit one or more sexually oriented offenses.
 {¶ 5} In order to be classified as a sexual predator, a defendant must have been convicted of or pled guilty to committing a sexually oriented offense. The state "must prove by clear and convincing evidence that the offender is `likely to engage in the future in one or more sexually oriented offenses.'"State v. Namestnik, Cuyahoga App. No. 82228, 2003-Ohio-4656, at ¶ 7, quoting State v. Eppinger, 91 Ohio St.3d 158, 163,743 N.E.2d 881, 2001-Ohio-247, citing R.C. 2950.01(E)and2950.09(B)(3).
Clear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal.
 {¶ 6} Id., at ¶ 8 citing Cross v. Ledford (1954),161 Ohio St. 469, 477, 120 N.E.2d 118, 123.
 {¶ 7} Before making a determination on whether a defendant is a sexual predator, the trial court must consider certain factors set forth in R.C. 2950.09(B)(3). Those factors include, but are not limited to, all of the following:
The offender's age;
The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
The age of the victim of the sexually oriented offense for which sentence is to be imposed;
Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
Any additional behavioral characteristics that contribute to the offender's conduct.
 {¶ 8} R.C. 2950.09(B)(3).
 {¶ 9} In its consideration of the statutory factors, the trial court should state on the record which factors it considers pertinent in each case and in making its determination that the defendant is likely to commit sexually oriented offenses in the future. Namestnik, supra, citing State v. Grahek, Cuyahoga App. No. 81443, 2003-Ohio-2650. On appeal, this court must decide whether the record supports, by clear and convincing evidence, the trial court's determination that a defendant should be classified as a sexual predator. Id.
 {¶ 10} First, the court was fully aware of the rehabilitation programs defendant participated in. It acknowledged that while in prison defendant had participated in three sexual-oriented offender programs and had thus indicated his "willingness to work on and face treatment issues." The court also considered Dr. Steele's assessment that defendant, partly because of the age of the crime, would appear to be "a low level risk sex offender."
 {¶ 11} Despite this assessment, the trial court found sufficient evidence that defendant was likely to commit sexually oriented offenses. The trial court considered eight of the ten factors listed in R.C. 2950.09(B)(3). The court reviewed defendant's institutional rehabilitation records and defendant's presentence report. From these documents, the court selected the following facts corresponding to statutory factors: defendant had a history of prior offenses, including indecent exposure in 1977, theft in 1985, one misdemeanor assault in 1958, and two misdemeanor assaults in 1965. The female victims were only 10 and 11 years old. There were multiple victims: two other girls in addition to the two victims. Defendant used alcohol to impair his victims. Moreover, he lured his victims to his house under false pretenses. One girl, for example, was brought into his house under the guise that she was going to clean his house. Once inside, defendant used the game of spin-the-bottle and alcohol in order to engage in sexual acts with both victims. Defendant, furthermore, threatened both victims and threatened he would kill one girl if she told anyone. On the record before this court, the trial court's findings — especially the fact he sexually abused four different victims on numerous occasions — constitute clear and convincing evidence that defendant is likely to commit sexually oriented offenses in the future. Accordingly, we cannot conclude that the trial court erred in classifying defendant as a sexual predator. Defendant's sole assignment of error is overruled.
 {¶ 12} Judgment accordingly.
Frank D. Celebrezze, Jr., P.J., and Sean C. Gallagher, J., concur.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The statute reads as follows: "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to January 1, 1997, if the person was not sentenced for the offense on or after January 1, 1997, and if, on or after January 1, 1997, the offender is serving a term of imprisonment in a state correctional institution, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division as to whether to recommend that the offender be adjudicated as being a sexual predator, the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) [sic] of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section."